## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES N. NORDAN, | DOCKET NUMBER |
| Appellant, | SF-0752-13-3410-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: August 18, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles N. Nordan, Midlothian, Virginia, pro se.

Geovanny Rojas and Harold G. Murray, Schofield Barracks, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his removal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　Prior to his removal, the appellant worked as a GS-12 Plans Specialist stationed at Fort Shafter, Hawaii. Initial Appeal File (IAF), Tab 7 at 67. On June 20, 2012, the agency issued its decision to remove the appellant effective July 2, 2012, for failure to meet time and attendance requirements. *Id.* at 56-57, 61-62, 67. The agency mailed the notice of removal and appeal rights via certified and regular mail to the appellant's address of record in Midlothian, Virginia. *Id.* at 63-66.

¶3　　Over a year later, on July 25, 2013, the appellant attempted to file an appeal of his removal, which he refiled on August 13, 2013, after an initial rejection. IAF, Tabs 1-2. The administrative judge notified the appellant of the timeliness issue and ordered him to file evidence and/or argument demonstrating either that his appeal was timely filed or that good cause existed for the filing delay. IAF, Tab 9. The appellant averred that his filing delay was caused by his attempts to reconcile his marriage and care for his son and because he did not receive the removal notice until August 2013. IAF, Tab 10 at 3. The administrative judge

dismissed the appeal without holding the requested hearing, concluding that: (1) the appellant's appeal was untimely filed; and (2) he failed to show good cause for the untimely filing.  IAF, Tab 12, Initial Decision (ID) at 5-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        On review, the appellant does not challenge the administrative judge's determination on timeliness but rather argues the merits of his removal and requests an attorney.[2]  Petition for Review (PFR) File, Tab 1 at 3.

¶5        Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  Under the revised regulations, an appellant is responsible for keeping the agency informed of his current home address for purposes of receiving the agency's decision, and correspondence that is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee.[3]  5 C.F.R. § 1201.22(b)(3).  Further, an appellant may be deemed to have received the agency's decision if it was received by a person of suitable age and discretion residing with the appellant. *Id.*  The presumption of constructive receipt, however, may be overcome under the circumstances of a particular case. *Id.*

---

[2] The appellant's arguments concerning the merits of his removal are irrelevant to the timeliness of his appeal, the dispositive issue below, and will not be reached on review. *See Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶ 7 (2008).  Moreover, no statute or regulation requires the Board to appoint a representative for an appellant; it is the appellant's obligation to secure his own representation. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

[3] The Board amended 5 C.F.R. § 1201.22 effective November 13, 2012, adding a new provision at § 1201.22(b)(3) concerning constructive receipt of agency decisions.  The administrative judge applied section 1201.22(b)(3) in his analysis because it was the regulation in effect at the time the appellant filed his appeal.  ID at 5, n.2 (citing *Braxton v. Department of Treasury*, 119 M.S.P.R. 157, ¶ 6 n.2 (2013) (applying the version of the Board's regulation in effect at the time the appeal was filed)).

¶6        In the instant case, the agency presented evidence, including a U.S. Postal Service Track & Confirm report and a certified mail receipt signed by J.N.[4], showing that the decision letter was delivered to the appellant's address of record on June 25, 2012.  IAF, Tab 7 at 63-67.  Although the appellant has alleged that he did not receive the notice of removal until August 2013, IAF, Tab 10 at 3, he has not provided any further explanation or evidence to support his claim that he did not receive the decision letter when it was delivered to his address of record on June 25, 2012, *see* IAF, Tabs 1, 8, 10; PFR File, Tab 1; *see also* ID at 5.  Thus, the appellant has failed to rebut the presumption of constructive receipt of the removal notice where it was both duly delivered to his address of record and signed for there by J.N.  *See* ID at 5-6; IAF, Tab 7 at 63-66; *see also* 5 C.F.R. § 1201.22(b)(3).

¶7        We therefore agree with the administrative judge that the appellant received the decision letter on June 25, 2012, and that the filing deadline for his appeal was 30 days after the July 2, 2012, effective date of the removal, i.e., August 2, 2012.  ID at 5-6.  As noted by the administrative judge, application of the prior version of the Board's regulation would yield the same result regarding the appellant's constructive receipt of the removal notice on June 25, 2012.[5]  ID at 5 n.2.

---

[4] The administrative judge determined that J.N. was the appellant's 17-year-old son.  ID at 6.  Although it is unclear where the administrative judge obtained this information, the appellant does not challenge this finding on review.  *See* PFR File, Tab 1.

[5] Prior to the November 2012 amendments, both the Board and our reviewing court found constructive receipt so as to trigger the period for filing an appeal where documents were received by relatives at the addresses designated by appellants.  *See Crearer v. Department of Justice*, 84 M.S.P.R. 434, ¶ 6 (1999) (the time limit for filing an appeal began to run on the day after the agency's notice was delivered to the appellant's address of record and received by his daughter); *see also Anderson v. Department of Transportation*, 735 F.2d 537, 541 (Fed. Cir. 1984) (the employee had constructive receipt of the agency's notice of proposed removal when his mother signed for it at the address he provided to the agency).  Further, both the Board's prior and current regulations prescribe that, absent evidence to the contrary, a submission is

¶8        The Board may waive its regulatory filing time limit for good cause shown. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of his appeal, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996).

¶9        The appellant has averred that his filing delay was due to family issues, including dealing with a divorce and caring for his son. IAF, Tabs 8, 10. General personal difficulties, however, do not constitute good cause for waiving a filing deadline. *Crisp v. Department of Veterans Affairs*, 73 M.S.P.R. 231, 234 (1997) (good cause to excuse the appellant's filing delay was not shown where the appellant was going through divorce proceedings, involved in lawsuit concerning an automobile accident, attending graduate school full-time, and seeking employment to avoid incarceration). Further, the appellant's 358-day filing delay was significant; we have consistently denied a waiver of our filing deadline if good cause for the delay is not shown, even where the delay is minimal and the appellant is pro se. *See Moorman*, 68 M.S.P.R. at 64 (declining to excuse a 3-day delay in filing an appeal where the appellant failed to establish good cause for the delay); *Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶¶ 9, 14, n.\*

presumed to have been mailed 5 days (excluding days on which the Board is closed for business) before its receipt. 5 C.F.R. § 1201.4(*l*).

(2007) (declining to excuse a 4-day delay in filing an appeal where the pro se appellant's submissions did not support a finding that she was medically prevented from timely filing her appeal or from requesting an extension of time); *Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review where the pro se appellant failed to show good cause for the delay).

¶10     Accordingly, we find that the administrative judge correctly dismissed the appellant's appeal as untimely filed without a showing of good cause.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.